Philip A. Goldstein
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
(212) 548-2167
pagoldstein@mcguirewoods.com
*Attorney for Defendant Portfolio Recovery Associates, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION**

| | |
|---|---|
| DAMARIS A. MARTINEZ, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; and JOHN DOES 1 to 10,<br><br>Defendants. | Case No. 2:22-cv-01840<br><br>(Removed from the Superior Court of the State of New Jersey, Law Division, Essex County, Docket No. ESX-L-001086-22)<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, Defendant Portfolio Recovery Associates, LLC ("Defendant"), by and through its undersigned counsel, hereby removes the above-entitled action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey, Newark Division, on the ground of federal question jurisdiction and supplemental jurisdiction. In support of its Notice of Removal, and in accordance with 28 U.S.C. § 1446, Defendant avers as follows:

**I.    PLEADINGS AND FILINGS IN SUPERIOR COURT**

1.      On or about February 28, 2022, Plaintiff Damaris A. Martinez ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Superior Court of New Jersey, Law Division, Essex

County, captioned *Damaris A. Martinez, on behalf of herself and those similarly situated v. Portfolio Recovery Associates, LLC, et al.*, bearing docket number ESX-L-1086-22 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant are attached hereto as **Exhibit A**.

II. **TIMELINESS OF REMOVAL**

2. The removal of this action to this Court is timely because Defendant received service of process on March 1, 2022.

3. Defendant has not filed any responsive pleading in the State Court Action.

4. Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal is to be filed within thirty days of receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

5. Defendant has filed this Notice of Removal within 30 days of the first date upon which it was served with any paper giving it knowledge that the action was removable, i.e., the Complaint.

III. **NATURE OF THE ACTION**

6. Plaintiff's Complaint alleges that it is "a putative class action arising from Defendant, Portfolio Recovery Associates, LLC's unlawful disclosure of private financial information to third parties without the prior consent of the consumers," which Plaintiff claims violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-2 *et seq.* ("CFA"). *See* Ex. A (Complaint), ¶¶ 1, 80-83, 105.

7. Plaintiff's Complaint asserts five (5) purported causes of action based on Defendant's alleged disclosure of consumers' private information: (1) Declaratory Judgment and

Injunctive Relief; (2) Damages Under the CFA; (3) Negligence; (4) Invasion of Privacy; and (5) Violation of the FDCPA. *See id.* at ¶¶ 104-143.

## IV. <u>REMOVAL JURISDICTION</u>

8. Article III of the Constitution vests federal courts with the authority to hear "all cases, in Law and Equity, arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. Art. III, § 2. Further, 28 U.S.C. § 1331 vests federal district courts with subject matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." As such, this Court has jurisdiction over any claim presenting a federal question.

9. Plaintiff's Complaint asserts claims based on violation of a federal statute—the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*—meaning the claims "arise under" the laws of the United States. Accordingly, this Court has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331. *See, e.g.*, *Conboy v. U.S. Small Business Admin.*, 992 F.3d 153, 161 (3d Cir. 2021) ("This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises in part out of the Fair Debt Collection Practices Act."); *Ojo v. Milrose 179 Harrison, LLC*, No. CV20-00949-KM-ESK, 2021 WL 822788, at *6 (D.N.J. Mar. 4, 2021) ("I have found, however, that the Complaint states a federal FDCPA claim against [defendant]. A federal cause of action, of course, gives rise to federal-question jurisdiction.").

10. Plaintiff also asserts state law claims arising from the same allegation that Defendant unlawfully disclosed consumers' private financial information to third parties. *See* Ex. A (Complaint), Counts I-IV. Because Plaintiff's state law claims "form part of the same case or controversy" as Plaintiff's claims under the FDCPA, the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). *See, e.g.*, *Conboy*, 992 F.3d at 161-62 (stating "there is no question that this court can hear the related state claims as well based on supplemental

jurisdiction" in an action arising in part out of the FDCPA); *Deangelo v. LVNV Funding LLC*, No. 1:18-cv-15689-NLH-KMW, 2020 WL 3468061, at *3 (D.N.J. June 25, 2020) (finding in a case where the plaintiff "alleged violations of the Fair Debt Collection Practices Act . . . [t]he Court ha[d] supplemental jurisdiction over any common law causes of action asserted by Plaintiff under 28 U.S.C. § 1367 because these claims [were] part of the same case or controversy.").

11. Therefore, this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446(b) on the grounds that this Court has original jurisdiction over the claims arising under federal law and supplemental jurisdiction over the state law claims forming part of the same case or controversy as the federal law claims.

**V.     VENUE**

12. The United States District Court for the District of New Jersey is the proper venue for this action because it is the federal district court that embraces the Superior Court of New Jersey, Essex County, the forum in which the original action was filed and is pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

**VI.    NOTICE**

13. In accordance with 28 U.S.C. § 1446(d), concurrent with filing this Notice of Removal, Defendant will file a copy of the Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County, and will attach a copy of this Notice of Removal thereto. A copy of the Notice to State Court and Adverse Parties of Filing of Notice of Removal to Federal Court is attached hereto as **Exhibit B**.

**VII.   MISCELLANEOUS**

14. This action has not previously been removed to federal court.

15. By filing this Notice of Removal, Defendant does not waive any defenses either procedural or substantive, that may be available to it, including, but not limited to, its right to contest

*in personam* jurisdiction, improper service of process or the absence of venue in this Court or in the court from which the action has been removed.

16.  Defendant expressly reserves and does not waive its right to amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action.

WHEREFORE, Defendant removes the State Court Action from the Superior Court of the State of New Jersey, Law Division, Essex County, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446.

Dated: New York, New York
March 31, 2022

McGuireWoods LLP

By: */s/ Philip A. Goldstein*
Philip A. Goldstein
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Phone: (212) 548-2167
Fax: (212) 548-2150
pagoldstein@mcguirewoods.com

*Attorney for Portfolio Recovery Services, LLC*